IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAN MEYER, M.D., and | § | |
| MARGARET MEYER, | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:05-CV-1344-M |
| v. | § | |
| | § | |
| NORMAN M. MENDELSON, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Because the Court finds that it does not have personal jurisdiction over Defendant, this Motion is GRANTED.

On May 24, 2005, Dr. Dan Meyer and his wife, Margaret Meyer ("Plaintiffs"), filed suit against Norman M. Mendelson ("Defendant") in the 134th Judicial District Court of Dallas County, Texas. The case was subsequently removed to this Court. This case involves Plaintiffs' claimed losses allegedly sustained as the result of an investment made in CompanyTrader.com ("C/T") in 2002. From 2002 to December 2003, Defendant served as the Chief Executive Officer ("CEO") of C/T. Hayden Schulman ("Schulman"), who is deceased, served as President of C/T.

Defendant now seeks to dismiss this action for lack of personal jurisdiction over him. In his Brief, Defendant sets forth the following facts, none of which Plaintiffs have factually disputed. Defendant is a New York resident; operates a law firm in an office located in New York; never spoke personally with Plaintiffs about their investment; does not maintain a place of

business, employees or agents in Texas; never initiated or participated in discussions about investing in C/T with Texas residents; never received payments from Plaintiffs made payable to him personally; did not mail materials to Plaintiffs; and did not personally contract, by mail or otherwise, with Plaintiffs. As evidence of his position, Defendant offers his own affidavit. Plaintiffs offer the affidavit of Dan Meyer.

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001); Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994). If the district court "rules on the motion without an evidentiary hearing, the plaintiff may satisfy its burden by presenting a *prima facie* case for jurisdiction." Gardemal v. Westin Hotel Co., 186 F.3d 588, 592 (5th Cir. 1999). In deciding whether the plaintiff has made a *prima facie* case, the Complaint's uncontroverted allegations must be taken as true, and factual conflicts must be resolved in favor of the plaintiff. *Id.* However, even "uncontroverted facts must still be sufficient to affirmatively show personal jurisdiction." Kisiel v. RAS Sec. Corp., 2001 U.S. Dist. LEXIS 11848, *8 (N.D. Tex. 2001)(internal citation omitted).

The Court may exercise personal jurisdiction over a nonresident defendant if (1) the Texas long-arm statute establishes personal jurisdiction over the defendant and (2) the exercise of personal jurisdiction is consistent with the Constitution's due process requirements. Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002). Because the Texas long-arm statute "reaches to the constitutional limits," *id.* at 470, the Court need only concern itself with the due process analysis.

2

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant if:

> (1) [the] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state. Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 2001) (internal citations omitted).

Two categories of conduct may constitute the requisite minimum contacts with the forum state: "acts specific to the instant suit, which grant a court specific jurisdiction over a defendant; or transactions, although unrelated, that are of such a 'continuous and systematic' nature as to be 'sufficient to allow a court to assert [general] jurisdiction over the party.'" Lexington Servs. Assocs., Ltd. v. 730 Bienville Partners, Ltd., 2001 WL 1545764, at *2 (N.D. Tex. Dec. 3, 2001) (Lynn, J.).

"A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Lewis v. Fresne, 252 F.3d 352, 358-59 (5th Cir. 2001). While the inquiry hinges on whether a defendant purposely availed himself of the benefits and protection of the forum state, "[w]hen the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir. 1999). Such a communication constitutes purposeful availment because the defendant is purposefully availing himself of the "privilege of causing a consequence" in the forum state. Id.

With respect to the issue of general jurisdiction, Plaintiffs allege that Defendant's advertisements through various media, including the Internet, reached Texas residents; that

3

Defendant continuously approved and accepted Texas investors' money for his start-up company; and that Defendant operated 24 hour call centers, at which calls from Texas residents would be received. As mentioned above, the law requires that even uncontroverted allegations be sufficient to support jurisdiction. Here, there are not uncontroverted allegations or evidence that, if true, would warrant the assertion of general jurisdiction by this Court. For example, Plaintiffs have not shown that the C/T Internet website was anything other than a passive advertisement vehicle, nor have they set forth any facts that Defendant, not C/T, operated 24 hour call centers. Moreover, as discussed below, even if Plaintiffs' allegations were uncontroverted, at very best, they could only support a finding of jurisdiction over C/T, not over Defendant. On the other hand, Defendant points to a number of facts that establish that general jurisdiction does not exist here. These include the fact that Defendant is a resident of New York, operates a law firm in New York, has neither an office nor an agent in Texas, and never participated in discussions about investing in C/T with Texas residents. Absent evidence or uncontroverted allegations of Defendant's systematic or continuous contact with this state, the Court concludes that it does not have general jurisdiction over Defendant.

The crux of Plaintiffs' argument revolves around the issue of specific jurisdiction. Plaintiffs' Response and the Meyer affidavit are filled with one-line arguments in support of personal jurisdiction (e.g., Defendant's "misrepresentation about a Yahoo take-over induced Dr. Meyer to invest in his sham company"; Defendant "sold unregistered shares of his company to Meyer and other Texas residents; a blatant violation of federal and state law"; Defendant "breached his fiduciary duties when he misappropriated investor funds..."). Also included in the Meyer affidavit are confusing and general statements concerning Defendant's specific

4

involvement in C/T transactions with Plaintiffs. Defendant swears in his affidavit that he never spoke with Plaintiffs concerning their investment. In his affidavit, however, Dan Meyer states that one "of the main reasons I decided to invest in Company/Trader was that *Mendelson and Schulman* told me, through phone calls, e-mails and U.S. mails..."(emphasis added) and that C/T, "*through Mendelson and Schulman*, would telephone, page, and otherwise contact me at my office and other Dallas hospitals..." Those statements do not directly dispute Defendant's claims that *he* did not speak to the Plaintiffs. Even if the Court were to assume that Plaintiffs' uncontroverted allegations and evidence were sufficient to establish personal jurisdiction over C/T, personal jurisdiction over Mendelson would nevertheless be inappropriate because, based on the record before it, the Court finds that the fiduciary shield doctrine applies, and that Plaintiffs have not demonstrated, by fact or uncontroverted allegation, the applicability of the alter ego, intentional tort, or any other exception to the doctrine.[1]

Where a court finds that it has jurisdiction over a corporation, and where a plaintiff seeks to attribute that corporation's contacts to an individual defendant, the fiduciary shield doctrine is triggered. Under the fiduciary shield doctrine, "an individual's connection with the forum state solely as a corporate officer does not by itself create personal jurisdiction over that individual – even though the forum state may have personal jurisdiction over the corporation." Burchfield, et al. v. Stein, et al., 2002 U.S. Dist. LEXIS 3233, *18 (N.D. Tex. 2002)(Fish, J.). "Some courts have held that it offends notions of fair play and substantial justice to force employees, who conduct business by phone or mail in numerous states on behalf of their employers, to defend

---

[1] *See* Auto Wax Co., Inc. v. Marchese, 2002 U.S. Dist. LEXIS 12758, *10 (N.D. Tex. 2002)(Lynn, J.).

5

lawsuits in those states in their individual capacities. *See* Saktides v. Cooper, 742 F. Supp. 382, 387 (W.D. Tex. 1990). However, 'courts have recognized an exception to this rule when the corporation is the alter ego of the individual.'" Kisiel at *17, citing Stuart v. Spademan, 772 F.2d 1185, 1198 (5th Cir. 1985).

Plaintiffs essentially argue that notwithstanding Defendant's lack of direct contact with Texas (such as travel to this state), Defendant used C/T as an alter ego or sham to engage in the activities that ultimately harmed Plaintiffs. However, Plaintiffs allege no specific facts that would support this conclusion. Assuming Plaintiffs could meet their burden of presenting a *prima facie* case for personal jurisdiction over C/T, that company's contacts may not be imputed to Defendant to create jurisdiction over him because Plaintiffs have not set forth specific facts or uncontroverted allegations that would serve to eliminate Defendant's fiduciary shield. Plaintiffs have not sufficiently demonstrated that Defendant, at any relevant time, acted in a capacity other than as CEO of C/T.[2] Furthermore, a "plaintiff's 'mere assertion' of a claim against a Defendant will not support the exercise of jurisdiction absent minimum contacts." S. Bleacher Co. v. Husco, Inc., 2001 U.S. Dist. LEXIS 5911, *15 (N.D. Tex. 2001)(internal citation omitted)(holding that where the defendant's only alleged contact as an individual was the making of an alleged misrepresentation, the Court could not assert personal jurisdiction over him (i.e. even where a plaintiff need only present a *prima facie* case, "bald assertions and conclusory

---

[2]Again, assuming the Court were to have found that it has subject matter jurisdiction over C/T, this would be true even for those instances in which, as Plaintiffs allege, "Mendelson and Schulman" contacted Plaintiffs for the purpose of recruiting investors because, as the Court has already mentioned, Plaintiffs have not sufficiently argued or demonstrated that such behavior implicates any exception to the fiduciary shield doctrine, including the alter ego and intentional tort exceptions.

allegations," standing alone, do not satisfy plaintiff's burden)). Plaintiffs' assertions, without more, are insufficient to support jurisdiction over Mendelson.

The Court finds that it lacks personal jurisdiction over Defendant. Accordingly, Defendant's Motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE. Defendant's Motion to Strike Affidavit of Dan Meyer is DENIED as moot.

**SO ORDERED.**

**DATED:** January 11, 2006.

Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE